IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOWARD PITCOCK, # 38552-177,<br>           Petitioner,  | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:16-CV-1795-B-BK |
| | § | (Criminal No. 3:09-CR-017-B-1) |
| UNITED STATES OF AMERICA,<br>           Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE** as time barred.

### I. BACKGROUND

In 2010, Petitioner pled guilty to possession of a firearm in furtherance of a drug trafficking crime (Count 2) and possession of a firearm after a felony conviction (Count 3), and in 2011, he was sentenced to 150 months' imprisonment (90 months on Count 3, and a mandatory, consecutive 60-month term on Count 2). Crim. Doc. 65 at 1-2. In April 2012, his direct appeal was dismissed because it presented no nonfrivolous issue. Crim. Doc. 75. Subsequently, in August 2015, the Court reduced Petitioner's term of imprisonment to 72 months as to Count 3 under the 2014 Drug Guidelines Amendment. Crim. Doc. 79.

On June 24, 2016, Petitioner filed this *pro se* motion to vacate sentence seeking relief under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act

(ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process.[1] Doc. 1 at 7.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond.  *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[2]

### A. Limitations

Petitioner appears to rely on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly untimely.  More than three and one-half years elapsed between July 2012, when Petitioner's conviction first became final, and his initiation of this action.  *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired).

Petitioner's reliance on section 2255(f)(3) and *Johnson* to overcome the limitations bar, however, is misplaced.  Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that

---

[1] The Court deems the section 2255 motion filed on June 18, 2016, the date Petitioner signed the 2255 motion and presumably placed it in the prison mailing system. Doc. 1 at 10. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

[2] Petitioner will have adequate notice and an opportunity to respond to the statute of limitations ruling during the 14-day period for filing objections to these findings, conclusions and recommendation.  *See Magouirk v. Phillips,* 144 F.3d 348, 359 (5th Cir. 1998) (Magistrate Judge's findings and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case. That is because Petitioner's sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather Petitioner was sentenced under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) for possession of a firearm after a felony conviction. *See* Crim. Doc. 51-1 at 9, Presentence Report (PSR) ¶ 30; Crim. Doc. 66 at 1, Statement of Reasons (SOR) (adopting PSR, but ruling that cash should not be converted to drugs for purposes of calculating Defendant's drug quantity); U.S.S.G. § 2K2.4(b). Moreover, because Petitioner pled guilty under 18 U.S.C. § 924(c)(1)(A) to possession of a firearm in furtherance of a drug trafficking crime – not using and carrying a firearm during a crime of violence – the definition of crime of violence found at 18 U.S.C. § 924(c)(3) was not at issue. Crim. Doc. 51-1 at 8, PSR ¶ 29.

Even assuming the Supreme Court finds *Johnson* retroactively applicable to the career offender provision of the Sentencing Guidelines, *see Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016), Petitioner was not sentenced as a career offender, as previously noted. Thus, his claims are not premised on a penal statute or Sentencing Guidelines provision that contains or incorporates any clauses resembling the ones found unconstitutional in *Johnson*. Section 2255(f)(3), therefore, is not applicable.[3]

---

[3] Sections 2255(f)(2) and (4) are likewise inapplicable. Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

Consequently, the section 2255 motion is clearly outside the one-year statute of limitations, absent equitable tolling.

### B. Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States*, ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *Id.* at 365.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** January 18, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE